1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

TOM GONZALES,                )

9
                          )
           Plaintiff,        )

10
                          )        2:13-cv-00931-RCJ-VPC
      vs.                )

11
                          )
SHOTGUN NEVADA INVESTMENTS, LLC et )        **ORDER**

12
al.,                         )
                          )

13
           Defendants.     )
                          )

14

15
      This case arises out of the alleged breach of a settlement agreement that was part of a

16
confirmation plan in a Chapter 11 bankruptcy action.  Pending before the Court are a Motion to

17
Reconsider (ECF No. 68) and a Motion to Strike Jury Demand (ECF No. 69).  For the reasons

18
given herein, the Court denies the motion to reconsider and grants the motion to strike jury

19
demand.

20
**I.**      **FACTS AND PROCEDURAL HISTORY**

21
      This is the second action in this Court by Plaintiff Tom Gonzales concerning his

22
entitlement to a fee under a Confirmation Order the undersigned entered over ten years ago while

23
sitting as a bankruptcy judge.

24
      **A.**      **The Previous Case**

25
      On December 7, 2000, Plaintiff loaned $41.5 million to Desert Land, LLC and Desert

1   Oasis Apartments, LLC to finance their acquisition and/or development of land ("Parcel A") in

2   Las Vegas, Nevada.  The loan was secured by a deed of trust.  On May 31, 2002, Desert Land

3   and Desert Oasis Apartments, as well as Desert Ranch, LLC (collectively, the "Desert Entities"),

4   each filed for bankruptcy, and the undersigned jointly administered those three bankruptcies

5   while sitting as a bankruptcy judge.  The court confirmed the second amended plan, and the

6   Confirmation Order included a finding that a settlement had been reached under which Gonzales

7   would extinguish his note and reconvey his deed of trust, Gonzales and another party would

8   convey their fractional interests in Parcel A to Desert Land so that Desert Land would own 100%

9   of Parcel A, Gonzales would receive Desert Ranch's 65% in interest in another property, and

10  Gonzales would receive $10 million if Parcel A were sold or transferred after 90 days (the

11  "Parcel Transfer Fee").  Gonzales appealed the Confirmation Order, and the Bankruptcy

12  Appellate Panel affirmed, except as to a provision subordinating Gonzales's interest in the Parcel

13  Transfer Fee to up to $45 million in financing obtained by the Desert Entities.

14       In 2011, Gonzales sued Desert Land, Desert Oasis Apartments, Desert Oasis Investments,

15  LLC, Specialty Trust, Specialty Strategic Financing Fund, LP, Eagle Mortgage Co., and Wells

16  Fargo (as trustee for a mortgage-backed security) in state court for: (1) declaratory judgment that

17  a transfer of Parcel A had occurred entitling him to the Parcel Transfer Fee; (2) declaratory

18  judgment that the lender defendants in that action knew of the bankruptcy proceedings and the

19  requirement of the Parcel Transfer Fee; (3) breach of contract (for breach of the Confirmation

20  Order); (4) breach of the implied covenant of good faith and fair dealing (same); (5) judicial

21  foreclosure against Parcel A under Nevada law; and (6) injunctive relief.  Defendants removed

22  that case to the Bankruptcy Court.  The Bankruptcy Court recommended moving to withdraw the

23  reference, because the undersigned issued the underlying Confirmation Order while sitting as a

24  bankruptcy judge.  One or more parties so moved, and the Court granted the motion.  The Court

25  dismissed the second and fifth causes of action and later granted certain defendants' counter-

1   motion for summary judgment as against the remaining claims.  Plaintiff asked the Court to

2   reconsider and to clarify which, if any, of its claims remained, and defendants asked the Court to

3   certify its summary judgment order under Rule 54(b) and to enter judgment in their favor on all

4   claims.  The Court denied the motion to reconsider, clarified that it had intended to rule on all

5   claims, and certified the summary judgment order for immediate appeal.  The Court of Appeals

6   affirmed, ruling that the Parcel Transfer Fee had not been triggered based on the allegations in

7   that case, and that Plaintiff had no lien against Parcel A.

8          **B.      The Present Case**

9          In the present case, also removed from state court, Plaintiff recounts the Confirmation

10   Order and the Parcel Transfer Fee. (*See* Compl. ¶¶ 10–14, Apr. 10, 2013, ECF No. 1, at 11).

11   Plaintiff also recounts the history of the '613 Case. (*See id.* ¶¶ 17–21).  Plaintiff alleges that

12   Defendant Shotgun Nevada Investments, LLC ("Shotgun") began making loans to Desert Entities

13   for the development of Parcel A between 2012 and January 2013 despite its awareness of the

14   Confirmation Order and Parcel A transfer fee provision therein. (*See id.* ¶¶ 22–23).  Plaintiff sued

15   Shotgun, Shotgun Creek Las Vegas, LLC, Shotgun Creek Investments, LLC, and Wayne M.

16   Perry for intentional interference with contract, intentional interference with prospective

17   economic advantage, and unjust enrichment based upon their having provided financing to the

18   Desert Entities to develop Parcel A.  Defendants removed and moved for summary judgment,

19   arguing that the preclusion of certain issues decided in the '613 Case necessarily prevented

20   Plaintiffs from prevailing in the present case.  The Court granted that motion as a motion to

21   dismiss, with leave to amend.

22          Plaintiff filed the Amended Complaint ("AC"). (*See* Am. Compl., Aug. 20, 2013, ECF

23   No. 28).  Plaintiff alleges that the Confirmation Order permitted Parcel A to be used as collateral

24   for up to $25,000,000 in mortgages of Parcel A itself or as collateral for a mortgage securing the

25   purchase of real property subject to the FLT Option if the proceeds were used only for the

1   purchase of that real property, but that any encumbrance of Parcel A outside of these parameters

2   would trigger the Parcel Transfer Fee. (*See id.* ¶¶ 15–16).  Various Shotgun entities made

3   additional loans to the Desert Entities in 2012 and 2013 "related to the development of Parcel

4   A." (*Id.* ¶¶ 25–26).  Multiple Shotgun entities have also invested in SkyVue Las Vegas, LLC

5   ("SkyVue"), the company that owns the entities that own Parcel A. (*Id.* ¶ 27).  Plaintiff alleges

6   that the reason Perry, the principal of the Shotgun entities, did not document his $10 million

7   investment was to "avoid evidence of a transfer," and thus the triggering of the Parcel Transfer

8   Fee. (*See id.* ¶ 29).

9       Defendants moved for summary judgment, and Plaintiff moved to compel discovery

10  under Rule 56(d).  The Court struck the conspiracy and declaratory judgment claims from the

11  AC, because Plaintiff had no leave to add them.  The Court otherwise denied the motion for

12  summary judgment and granted the motion to compel discovery, although the Court noted that

13  the intentional interference with prospective economic advantage claim (but not the intentional

14  interference with contractual relations claim) was legally insufficient.  Defendants again moved

15  for summary judgment after further discovery and filed a motion in limine asking the Court to

16  exclude any testimony of witnesses or documents not disclosed in discovery.  The Court denied

17  the motion for summary judgment because the allegations in the AC concerned events

18  subsequent to the events alleged in the '613 Case, and Plaintiff had submitted evidence sufficient

19  to create a genuine issue of material fact for trial as to the sole remaining claim for intentional

20  interference with contractual relations.  The Court denied the motion in limine because it

21  identified no particular evidence to exclude but simply asked the Court to enforce the evidence

22  rules at trial as a general matter.

23      Defendants have asked the Court to reconsider their latest motion for summary judgment

24  and to strike Plaintiff's recently filed jury demand.

25  ///

## II.    DISCUSSION

### A.    Motion to Reconsider

Defendants argue that the Court noted no timely reply had been filed, but that they in fact filed a reply that was timely under a stipulation to extend time. The Court has examined the reply, and it does not negate the genuine issue of material fact Plaintiff showed in his response.

### B.    Motion to Strike Jury Demand

Plaintiff did not demand a jury trial in the Complaint, (*see* Compl., ECF No. 1, at 11), or in the AC, (*see* Am. Compl., ECF No. 28). Defendants did not demand a jury trial in the Answer to the Complaint, (*see* Answer, ECF No. 4), or in the Answer to the AC, (*see* Answer, ECF No. 30). A jury must be demanded by serving the other parties with a written demand no later than fourteen days after service of the last pleading directed to the issue for which a jury trial is demanded. Fed. R. Civ. P. 38(b)(1). The last such pleading in this case was the Answer to the AC, which was served upon Plaintiff via ECF on September 3, 2013. (*See* Cert. Service, ECF No. 30, at 8). The deadline for any party to demand a jury trial was therefore Tuesday, September 17, 2013. The Jury Demand at ECF No. 67 was served upon Defendants via ECF on September 18, 2014, over a year after the deadline. (*See* Cert. Service, ECF No. 67, at 3). Defendants are therefore correct that the demand is untimely and should be stricken.

In response, Plaintiff notes that in removal cases such as the present one, an express jury demand made before removal that is sufficient under state law need not be renewed after removal, and that where state law requires no express jury demand, a party need not make such a demand after removal unless specially ordered to do so by the court within a specified time. *See* Fed. R. Civ. P. 81(c)(3)(A). Plaintiff argues that Nevada law requires a jury demand "not later than the time of the entry of the order first setting the case for trial." Nev. R. Civ. P. 38(b). Plaintiff argues that because a jury demand was not yet due under state law at the time the case was removed, he need not make such a demand after removal unless ordered to do so by the

1    court within a specified time, and the Court has not issued such an order in this case.

2         Rule 81 waives the requirements of Rule 38 where an express jury demand has been

3    made under state law before removal.  Plaintiff does not claim to have made any express jury

4    demand before removal, however.  It is also true that where state law does not require an express

5    jury demand, none need be made after removal.  The questions here are whether and when a

6    party must make a jury demand in federal court after removal in cases where state law does in

7    fact require a jury demand, but where it was not yet due under state law at the time of removal.

8    In such cases, is the jury demand requirement under Rule 38 negated, as is the case where state

9    law requires no demand at all?

10        Plaintiff candidly admits that the Court of Appeals has ruled that in such cases a jury

11   demand must be made in accordance with Rule 38, and that district courts typically follow that

12   rule. *See Lewis v. Time, Inc.*, 710 F.2d 549, 556 (9th Cir. 1983).  However, Plaintiff also notes

13   that the rule at the time of *Lewis* read, "If state law applicable in the court from which the case is

14   removed *does* not require the parties to make express demands in order to claim trial by jury . . .

15   ." *See id.* (quoting Fed. R. Civ. P. 81(c) (1983)) (emphasis added).  Plaintiff argues that the result

16   should be different today, because the rule was amended in relevant part in 2007 to read, "If the

17   state law *did* not require an express demand for a jury trial . . . ." Fed. R. Civ. P. 81(c)(3)(A)

18   (emphasis added).  Plaintiff argues that because the current rule uses the past tense as to the

19   requirement to make a jury demand under state law when viewed from the point of removal, that

20   there is no requirement to make a jury demand in federal court if none was yet due under state

21   law at the time of removal.  Plaintiff admits that the 2007 amendments to the rules were

22   "intended to be stylistic only," *see* Fed. R. Civ. P. 81 advisory committee's note, but argues that

23   the stylistic change is an "unfair trap for the unwary."

24        The Court agrees with the district courts that continue to enforce the *Lewis* rule.  Rule 81

25   is not a trap for the unwary.  Even if that had been a fair argument when Rule 81 was newly

1    amended, as Plaintiff notes, district courts, including those in this district, have consistently

2    enforced the *Lewis* rule under Rule 81 as amended. *See Nascimento v. Wells Fargo Bank*, No.

3    2:11-cv-1049, 2011 WL 4500410, at *2 (D. Nev. Sept. 27, 2011) (Mahan, J.); *Kaldor v. Skolnik*,

4    No. 3:10-cv-529, 2010 WL 5441999, at *2 (D. Nev. Dec. 28, 2010) (Hicks, J.). And the new

5    language of the rule is not particularly confusing. The Rule 38 demand is required unless the

6    state law "did not require an express demand," not only if the state law "did not *yet* require an

7    express demand *to have been served at the time of removal*." The latter reading of the rule is

8    improbable. The committee's notes make clear that such a meaning was not intended, as the

9    amendment was only for style. The authors of the rule surely knew how to distinguish the

10   concepts of whether and when, and they did not add any language reasonably invoking the

11   concept of timing into the amendment of Rule 81(c)(3)(A).

12          Moreover, Plaintiff's own Case Management Report of July 30, 2013 notes that "A jury

13   trial has not been requested" under paragraph VIII, entitled "JURY TRIAL." (*See* Case Mgmt.

14   Report 6, July 30, 2013, ECF No. 25). If Plaintiff had truly been under the impression that the

15   right to a jury trial had been preserved under Rule 81(c)(3)(A) because no jury demand was yet

16   due at the time of removal, he surely would have noted his expectation of a jury trial and/or

17   explained his position that no jury demand was necessary; he would not have simply noted that

18   no jury trial had been requested and left it at that. Plaintiff's "unfair trap for the unwary"

19   argument in this case is therefore not made in good faith, even if the argument could avail a

20   litigant in an appropriate case.

21   ///

22   ///

23   ///

24   ///

25   ///

1

**CONCLUSION**

2  IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 68) is DENIED.

3  IT IS FURTHER ORDERED that the Motion to Strike Jury Demand (ECF No. 69) is

4 GRANTED.

5  IT IS SO ORDERED.

6 Dated this 23rd day of October, 2014.

7

8        _____
          ROBERT C. JONES
          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25