**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOM GONZALES,<br><br>                Plaintiff,<br><br>    vs.<br><br>SHOTGUN NEVADA INVESTMENTS, LLC et al.,<br><br>                Defendants. | 2:13-cv-00931-RCJ-VPC |
| TOM GONZALES,<br><br>                Plaintiff,<br><br>    vs.<br><br>DESERT LAND, LLC et al.,<br><br>                Defendants. | 2:15-cv-00915-RCJ-VPC<br><br>**ORDER** |

These consolidated cases arises out of the alleged breach of a settlement agreement that was part of a confirmation order in a Chapter 11 bankruptcy action.

**I.    FACTS AND PROCEDURAL HISTORY**

Case No. 2:15-cv-915 is the third and only remaining action in this Court by Tom Gonzales concerning his entitlement to a fee under a confirmation order the undersigned entered years ago while sitting as a bankruptcy judge. A jury trial is scheduled for April 17, 2017.

### A. The Previous (First) Case

On December 7, 2000, Plaintiff loaned $41.5 million to Desert Land, LLC and Desert Oasis Apartments, LLC to finance their acquisition and/or development of land ("Parcel A") in Las Vegas, Nevada. The loan was secured by a deed of trust. On May 31, 2002, Desert Land and Desert Oasis Apartments, as well as Desert Ranch, LLC (collectively, the "Desert Entities"), each filed for bankruptcy, and the undersigned administered those bankruptcies while sitting as a bankruptcy judge. The court confirmed the Second Amended Plan of Reorganization ("the Plan"), and the confirmation order included a finding that a settlement had been reached under which Gonzales would extinguish his note and reconvey his deed of trust, Gonzales and another party would convey their fractional interests in Parcel A to Desert Land so that Desert Land would own 100% of Parcel A, Gonzales would receive Desert Ranch's 65% interest in another property, and Gonzales would receive $10 million if Parcel A were sold or transferred after 90 days ("the Parcel A Transfer Fee"). Gonzales appealed the confirmation order, and the Bankruptcy Appellate Panel affirmed, except as to a provision subordinating Gonzales's interest in the Parcel A Transfer Fee to up to $45 million in financing.

In 2011, Gonzales sued Desert Land, Desert Oasis Apartments, Desert Oasis Investments, LLC, Specialty Trust, Specialty Strategic Financing Fund, LP, Eagle Mortgage Co., and Wells Fargo (as trustee for a mortgage-backed security) in state court for: (1) declaratory judgment that a transfer of Parcel A had occurred entitling him to the Parcel A Transfer Fee; (2) declaratory judgment that the lender defendants in that action knew of the bankruptcy proceedings and the requirement of the Parcel A Transfer Fee; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) judicial foreclosure against Parcel A under Nevada law; and (6) injunctive relief. Defendants removed that case to the Bankruptcy Court. The Bankruptcy Court recommended withdrawal of the reference because the undersigned had issued the underlying confirmation order while sitting as a bankruptcy judge. One or more parties so

moved, and the Court granted the motion. In that case, *Gonzales v. Desert Land, LLC*, 3:11-cv-613, the Court dismissed the second and fifth causes of action and later granted certain defendants' counter-motion for summary judgment as against the remaining causes of action. Plaintiff asked the Court to reconsider and to clarify which, if any, of its claims remained, and defendants asked the Court to certify its summary judgment order under Rule 54(b) and to enter judgment in their favor on all claims. The Court denied the motion to reconsider, clarified that it had intended to rule on all claims, and certified the summary judgment order for immediate appeal. Defendants submitted a proposed judgment, which the Court signed, and Plaintiff asked the Court to enjoin defendants from further encumbering Parcel A with loans or mechanics liens until the Court of Appeals ruled, a motion the Court denied. The Court of Appeals affirmed, ruling that the Parcel A Transfer Fee had not been triggered based on the allegations in that case, and that Plaintiff had no lien against Parcel A.

### B. The Lead (Second) Case

In the Lead Case, Case No. 2:13-cv-931, also removed from state court, Plaintiff recounts the confirmation order and the Parcel A Transfer Fee. (*See* Compl. ¶¶ 10–14, ECF No. 1, at 11 in Case No. 2:13-cv-931). Plaintiff also recounts the history of the previous case. (*See id.* ¶¶ 17–21). Plaintiff alleges that Defendant Shotgun Nevada Investments, LLC ("Shotgun") began making loans to the Desert Entities for the development of Parcel A between 2012 and January 2013 despite its awareness of the confirmation order and Parcel A Transfer Fee provision therein. (*See id.* ¶¶ 22–23). Plaintiff sued Shotgun, Shotgun Creek Las Vegas, LLC, Shotgun Creek Investments, LLC, and Wayne M. Perry for intentional interference with contract, intentional interference with prospective economic advantage, and unjust enrichment based upon their having provided financing to the Desert Entities to develop Parcel A. Defendants removed and moved for summary judgment, arguing that the preclusion of certain issues decided in the '613 Case necessarily prevented Plaintiffs from prevailing in the present case. The Court granted

that motion as a motion to dismiss, with leave to amend.

Plaintiff filed the Amended Complaint ("AC"). (*See* Am. Compl., ECF No. 28 in Case No. 2:13-cv-931). Plaintiff alleges that the confirmation order permitted Parcel A to be used as collateral for up to $25,000,000 in deeds of trust against Parcel A itself or as collateral for a mortgage securing the purchase of real property subject to the FLT Option if the proceeds were used only for the purchase of that real property, but that any encumbrance of Parcel A outside of these parameters would trigger the Parcel A Transfer Fee. (*See id.* ¶¶ 15–16). Various Shotgun entities made additional loans to the Desert Entities in 2012 and 2013 "related to the development of Parcel A." (*Id.* ¶¶ 25–26). Multiple Shotgun entities have also invested in SkyVue Las Vegas, LLC ("SkyVue"), the company that owns the entities that own Parcel A. (*Id.* ¶ 27). Plaintiff alleges that the reason Perry, the principal of the Shotgun entities, did not document his $10 million investment was to "avoid evidence of a transfer," and thus the triggering of the Parcel A Transfer Fee. (*See id.* ¶ 29).

Defendants moved for summary judgment, and Plaintiff moved to compel discovery. The Court struck the conspiracy and declaratory judgment claims from the AC, because Plaintiff had no leave to add them. The Court otherwise denied the motion for summary judgment and granted the motion to compel discovery, although the Court noted that the intentional interference with prospective economic advantage claim (but not the intentional interference with contractual relations claim) was legally insufficient. Defendants moved for summary judgment after further discovery and filed a motion in limine. The Court denied both motions as well as a motion to reconsider but granted a motion to strike the untimely jury demand.

C.  **The Member (Third) Case**

In the Member Case, Case No. 2:15-cv-915, Plaintiff sued the Desert Entities, SkyVue Las Vegas, LLC, Howard Bulloch, and David Gaffin variously in this Court for breach of contract, breach of the covenant of good faith and fair dealing, and conspiracy, making a timely

jury demand. The Court asked the parties to show cause why both cases should not be tried to a jury. After a hearing, the Court ruled that the Lead Case would be tried to the Court but the Member Case would simultaneously be tried to a jury. The Court later de-consolidated the cases for trial. Midway through a bench trial in the Lead Case in February and March 2017, the parties settled the claims. A jury trial is scheduled for the Member Case beginning April 17, 2017.

## II.  DISCUSSION

As discussed during the bench trial of the Lead Case, the construction of disputed terms in the Plan is not a simple matter, and the Court is concerned that a jury in the Member Case, if left to construe the disputed provisions with no guidance other than general principles of contract interpretation given in the Nevada Supreme Court's standard jury instructions, may have difficulty doing so. No party, however, has moved for summary judgment in this case as to a construction of the most contentious terms of the Plan, specifically whether the "Parcel A Permitted Financing" term of section A(e) of Article III of the Plan sets $25 million in liens against Parcel A as a trigger of the "Parcel A Transfer Fee." The Court invites the parties to move for summary judgment on this issue or any other disputed issue of contractual interpretation before trial.

## CONCLUSION

IT IS HEREBY ORDERED that the scheduling order is AMENDED, and the parties may file summary judgment motions as to contractual interpretation issues no later than March 20, 2017. Responses will be due March 27, 2017, and replies will be due March 31, 2017.

IT IS SO ORDERED.

Dated this 13th day of March, 2017.

_____
ROBERT C. JONES
United States District Judge