

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOM GONZALES, <br><br> Plaintiff, <br><br> vs. <br><br> DESERT LAND, LLC et al., <br><br> Defendants. | 2:15-cv-00915-RCJ-VPC <br><br> ORDER |

This case is the third action in this Court by Plaintiff Tom Gonzales concerning his entitlement to a fee under a plan of confirmation the undersigned entered years ago while sitting as a bankruptcy judge.

I.   PROCEDURAL HISTORY

A.   **The Desert Land Bankruptcies**

On December 7, 2000, Plaintiff loaned $41.5 million to Desert Land, LLC and Desert Oasis Apartments, LLC to finance their acquisition and development of land in Las Vegas, Nevada. The loan was secured by a deed of trust. On May 31, 2002, Desert Land, LLC, Desert Oasis Apartments, LLC, and Desert Ranch, LLC (collectively, "the Desert Entities") filed for bankruptcy, and the undersigned jointly administered those bankruptcies while sitting as a bankruptcy judge. The bankruptcy court confirmed the Second Amended Plan of Reorganization

("the Plan"), and the resulting confirmation order ("the Confirmation Order") included a finding that a settlement had been reached ("the Settlement Agreement," which, along with the Plan, was attached to the Confirmation Order) under which Gonzales would extinguish his note and reconvey his deed of trust as to his interest in Parcel A, Gonzales and another party would convey their fractional interests in Parcel A to Desert Land, LLC and/or Desert Oasis Apartments, LLC so that those entities would own 100% of Parcel A, Gonzales would receive Desert Ranch, LLC's 65% interest in another property, and Gonzales would receive $7.5 million or $10 million if Parcel A were sold or otherwise transferred, depending on the date of transfer ("the Parcel A Transfer Fee"). Gonzales appealed, and the Bankruptcy Appellate Panel affirmed except as to a provision subordinating Gonzales's interest in the Parcel A Transfer Fee to up to $45 million in financing. The Court of Appeals affirmed.

### B.     The First Action

In 2011, Gonzales sued Desert Land, LLC; Desert Oasis Apartments, LLC; Desert Oasis Investments, LLC; Specialty Trust; Specialty Strategic Financing Fund, LP; Eagle Mortgage Co.; and Wells Fargo in state court for: (1) declaratory judgment that a transfer of Parcel A had occurred entitling him to the Parcel A Transfer Fee; (2) declaratory judgment that the lender defendants in that action knew of the bankruptcy proceedings and the requirement of the Parcel A Transfer Fee; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) judicial foreclosure against Parcel A under Nevada law; and (6) injunctive relief. The defendants removed the case to the bankruptcy court, which suggested withdrawal of the reference because the undersigned had issued the Confirmation Order while sitting as a bankruptcy judge. One or more parties so moved, and the Court granted the motion. In that case, No. 3:11-cv-613, the Court ruled against Gonzales, and the Court of Appeals affirmed,

ruling that the Parcel A Transfer Fee had not been triggered based on the allegations made there, and that Plaintiff had no lien against Parcel A.

### C. The Second Action

In the Second Action, No. 2:13-cv-931, also removed from state court, Gonzales alleged that Shotgun Investments Nevada, LLC had made various loans to the Desert Entities for the development of Parcel A between 2012 and January 2013 despite its awareness of the Plan and the Parcel A Transfer Fee provision therein. Plaintiff sued Shotgun Investments Nevada, LLC (erroneously named as "Shotgun Nevada Investments, LLC"); Shotgun Creek Las Vegas, LLC; Shotgun Creek Investments, LLC; and Wayne M. Perry for intentional interference with contractual relations, intentional interference with prospective economic advantage, and unjust enrichment. The defendants removed and moved for summary judgment, arguing that the preclusion of certain issues decided in the First Action controlled the Second Action. The Court granted that motion as a motion to dismiss, with leave to amend.

Gonzales amended, and the defendants moved for summary judgment. The Court struck the conspiracy and declaratory judgment claims, because Gonzales had no leave to add them. The Court otherwise denied the motion for summary judgment, although the Court noted that the intentional interference with prospective economic advantage claim was legally insufficient. The defendants moved for summary judgment after further discovery. The Court denied the motion and a motion to reconsider but granted a motion to strike the untimely jury demand. The sole claim remaining for a bench trial was then the claim for intentional interference with contractual relations. The parties settled during trial.

///

///

D.  **The Third (Present) Action**

In the present case No. 2:15-cv-915, Gonzales sued the Desert Entities; SkyVue Las Vegas, LLC; Howard Bulloch; and David Gaffin in this Court for breach of contract, breach of the covenant of good faith and fair dealing, and conspiracy, making a timely jury demand. The Court solicited summary judgment motions on contractual interpretation issues and ruled that: (1) Defendants were entitled to summary judgment against all claims except the claim for breach of contract; (2) Plaintiff was entitled to summary judgment on liability for breach of contract; and (3) Defendants were entitled to summary judgment on the issue of money damages. The Court ordered briefing on suggested equitable remedies for the breach.

## II.  CONCLUSION

IT IS HEREBY ORDERED that the Motion for Equitable Remedies (ECF No. 184 in Case No. 2:13-cv-931) is GRANTED IN PART. In the event of a sale, transfer, or other conveyance of Parcel A (or any part of it), the proceeds are to be applied as follows: first, to pay the first $25 million in principal secured by Parcel A (or any part of it, and only to the extent the relevant obligation was incurred before the date of breach) plus interest accruing on any such principal until the date of breach; second, to pay the $10 million Parcel A Transfer Fee plus interest accruing from the date of breach; and third, to pay any remaining encumbrances in accordance with law and contract. Plaintiff shall SUBMIT a proposed judgment consistent with this order within fourteen (14) days.

IT IS SO ORDERED.

Dated this ~~28th~~ 12th day of ~~June~~ July, 2017.

_____
ROBERT C. JONES
United States District Judge