# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TOM GONZALES,<br><br>    Plaintiff,<br><br>vs.<br><br>DESERT LAND, LLC et al.,<br><br>    Defendants. | 2:15-cv-00915-RCJ-VPC |
| TOM GONZALES,<br><br>    Plaintiff,<br><br>vs.<br><br>SHOTGUN NEVADA INVESTMENTS, LLC et al.,<br><br>    Defendants. | 2:13-cv-00931-RCJ-VPC<br><br>**ORDER** |

This case is the third action in this Court by Plaintiff Tom Gonzales concerning his entitlement to a fee under a plan of confirmation the undersigned entered years ago while sitting as a bankruptcy judge. In the present case, No. 2:15-cv-915, Gonzales sued the Desert Entities; SkyVue Las Vegas, LLC, Howard Bulloch, and David Gaffin for breach of contract, breach of the covenant of good faith and fair dealing, and conspiracy. The Court solicited summary judgment motions on contractual interpretation issues and ruled that: (1) Defendants were

entitled to summary judgment against all claims except the claim for breach of contract; (2) Plaintiff was entitled to summary judgment on liability for breach of contract; and (3) Defendants were entitled to summary judgment on the issue of money damages. The Court ordered briefing on equitable remedies. After considering the various suggestions, the Court ruled that in the event of a sale, transfer, or other conveyance of Parcel A (or any part of it), the proceeds were to be applied as follows: first, to pay the first $25 million in principal secured by Parcel A (or any part of it, and only to the extent the relevant obligation was incurred before the date of breach) plus interest accruing on any such principal until the date of breach; second, to pay the $10 million Parcel A Transfer Fee plus interest accruing from the date of breach; and third, to pay any remaining encumbrances in accordance with law and contract. The Court ordered Plaintiff to submit a proposed judgment, and he did. Defendants objected and asked the Court to reconsider, and the Shotgun Entities moved to intervene. The Court reconsidered (and therefore denied the motion to intervene), finding that the re-subordination of some portion of the loans to the Parcel A Transfer Fee was not permitted under state law. The Court granted Plaintiff a money judgment, instead, and instructed him to file a new proposed judgment, which he has.

Plaintiff has filed an emergency motion, because a foreclosure sale of Parcel A is scheduled for May 1, 2018, and he believes Parcel A is over-encumbered such that he will not receive any portion of the Parcel A Transfer Fee after the sale (which will trigger the fee). As noted at the hearing, the Court finds that it has no jurisdiction to directly interfere with a foreclosure sale or to reorder the priority of encumbrances against Parcel A. The Court will immediately enter the proposed judgment. Defendants' objections thereto are overruled for the reasons given in Plaintiff's reply.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Reconsideration (ECF No. 34) is DENIED.

IT IS SO ORDERED.

Dated this 2nd day of May, 2018.

_____
ROBERT C. JONES
United States District Judges